IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTHA M. SMITH-GREY<br><br>Plaintiff<br><br>v.<br><br>JUSTIN P. WILLIAMS and<br>REDLINE TOWING, INC.<br><br>Defendants | DOCKET NO.:<br><br><br><br><br>JURY TRIAL DEMAND |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Defendant, Justin P. Williams, by and through his attorneys, Rawle & Henderson LLP, respectfully avers upon information and belief as follows:

1. Plaintiff, Martha Smith-Grey [hereinafter "Plaintiff"] filed a Complaint in the Supreme Court of the State of New York, County of Bronx, under Index No. 27363/2018E against, Justin P. Williams [hereinafter "Williams"] and Red Line Towing, Inc. [hereinafter "Red Line"] on June 27, 2018. *See* Plaintiff's Complaint, attached hereto as Exhibit "A."

2. The Plaintiff mailed the Summons and Complaint pursuant to CPLR §312-a on or about June 27, 2018. *See id.*

## TIMELINESS OF REMOVAL

3. Pursuant to 28 U.S.C. § 1446 (b)(3), if a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant,

12843360-1

through service or otherwise, of a copy of an amending pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

4. Pursuant to 28 U.S.C § 1446 (c)(3)(a), responses to discovery shall be treated as an "other paper" under section (b)(3).

5. On June 26, 2019, in the furtherance of discovery, Defendant William's agent contacted Plaintiff's Counsel's office and was informed of Plaintiff's intent to proceed with left shoulder arthoscopic surgery and that said surgery was scheduled for "next week."

6. Presumably, this means that Plaintiff's surgery is scheduled for the week of July 1-5, 2019.

7. June 26, 2019 was the first time Defendant Williams was made aware Plaintiff's intention to undergo surgery and that a surgery date was set.

8. As such, Defendant William's removal is timely as it is filed within 30 days of notice of the information satisfying the federal requirements for removal regarding amount in controversy.

9. Defendant William's removal is also timely as it is within one year of the filing of the action as required by 28 U.S.C. § 1446 (c)(1).

**DIVERSITY OF CITIZENSHIP**

10. Defendant, Justin Williams, was and still is a resident of Kunkletown, Pennsylvania, and therefore, is a citizen of the State of Pennsylvania.

11. Defendant, Red Line Towing, Inc., is a Pennsylvania corporation with its principal place of business at 347 Main Street, Dickson City, PA 18519.  Therefore, Defendant, Red Line Towing, Inc. is deemed a citizen of Pennsylvania.

12. Upon information and belief, Plaintiff, Martha Smith-Grey was and still is a resident of Bronx County, New York, and therefore, is a citizen of the State of New York. *See* Exhibit "A" at ¶ 1.

13. Diversity of citizenship within the meaning of 28 U.S.C. §1332 exists between Plaintiff and Defendants since:

    (a) Plaintiff is a citizen of the State of New York; and

    (b) Defendants are not citizens of the State of New York.

14. Furthermore, diversity of citizenship existed at the time the Complaint was filed and continues through the time of filing of this notice, such that defendant is entitled to removal pursuant to 28 U.S.C. §1441, as amended, and 28 U.S.C. §1446

## AMOUNT IN CONTROVERSY

15. Plaintiff alleges that on May 6, 2018, she was in a motor vehicle accident in Pennsylvania with a vehicle owned by Defendant Red Line and driven by Defendant Williams. *See generally id.*

16. Plaintiff alleges that defendants were negligent in causing the May 6, 2018 accident and that she sustained injuries as a result thereof.

17. In particular, plaintiff alleges the following:

> 19. As a result of the aforesaid occurrence, plaintiff was rendered sick, sore, lame, and disabled and have remained so since said occurrence. He sustained nervous shock and continue to suffer mental anguish and great physical pain. He will be compelled to undergo. medical aid, treatment, and attention and to expend money and incur obligations for physician's services, medical and hospital expenses for the care and treatment of his injuries; and upon information and belief, he will be compelled to expend additional sums of money and incur further obligations in the future for additional physician's services, medical and hospital expenses for the further care and treatment of his injuries. He has been incapacitated from attending to her usual duties, functions, occupations, vacations and

> avocations, and in other ways he has damages, and upon information and belief, may be so incapacitated in the future and will suffer pecuniary losses.
>
> 20. Plaintiff sustained serious injuries as defined in §§ 5102 and 5104 of the insurance Law of the State of New York.
>
> 21. Upon information and belief, this action fails within one or more of the exceptions set forth in CPLR 1601.
>
> 22. By reason thereof, plaintiff has been damaged in an amount greater than the jurisdictional limits of the lower Courts of the State of New York.
>
> WHEREFORE, plaintiff demands judgment against defendants, and each of them, jointly and severally, in an amount greater than the jurisdictional limits of the lower Court of the State of New York, together with costs and disbursements

*See* Exhibit "A" at ¶¶ 19-22.

18. In addition to Plaintiff's allegations contained in the Complaint, as mentioned above, Plaintiff's Counsel recently informed of Plaintiff's intention to undergo left shoulder arthoscopic surgery.

19. Based upon a fair reading of the Complaint and Plaintiff's intention to undergo shoulder surgery, Plaintiff has set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.

## CONSENT TO REMOVAL

20. Pursuant to 28 U.S.C. § 1446 (b)(2) all defendants who have been properly joined and served must join in or consent to the removal of the action.

21. Defendant Williams sought and obtained Defendant Red Line's consent for removal.

WHEREFORE, Defendant, Justin P. Williams, prays that the above-captioned action now pending in the Supreme Court of New York for Bronx County be removed therefrom to this Honorable Court.

RAWLE & HENDERSON LLP

By: _____
Diane B. Carvell
Attorney for Defendant
Justin P. Williams
14 Wall St., 27th Floor
New York, New York 10005
(212) 323-7070

Dated: June 27, 2019

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within-captioned Notice of Removal was served via first class mail, postage prepaid, on the following:

Evans D. Prieston, Esquire
Law Office of Evans D. Prieston, P.C.
47-40 21st Street, 10th Floor
Long Island City, NY  11101
*Counsel for Plaintiff*

RAWLE & HENDERSON, LLP

By:_____
Diane B. Carvell, Esquire
Attorney for Defendant
Justin P. Williams

Dated:  June 27, 2019

12843360